IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WESTERN WATERSHEDS PROJECT, et al., | ) ) ) | Civ. No. 05-0189-E-BLW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | MEMORANDUM DECISION and ORDER |
| UNITED STATES FOREST SERVICE, | ) ) ) ) | |
| Defendant. | ) ) | |

The Court has before it a motion to intervene filed by various livestock producers who hold permits to graze cattle on the Sawtooth National Forest. This action was brought by Western Watersheds against the Forest Service alleging that the Forest Service failed to comply with its duties under NEPA, NFMA, and the Sawtooth Organic Act. Western Watersheds seeks to set aside an EIS and ROD, and to enjoin grazing until the Forest Service completes a proper EIS.

Memorandum Decision & Order -- page 1

The livestock producers argue that they are entitled to intervene, for the purpose of addressing both liability and remedies, because Western Watersheds seeks to enjoin them from grazing under the terms of their grazing permits. It is true that if this Court finds that the Forest Service failed to comply with its statutory duties, one remedial option available to the Court is to enjoin grazing under the grazing permits issued to the livestock producers. If that remedy is selected, it is likely that the livestock producers will suffer substantial harm because no other grazing grounds are readily available.

The livestock producers argue they are entitled to intervene for all purposes because they have a "significantly protectable" interest that could be impaired by this lawsuit and may not be adequately represented by the Forest Service. *See Sierra Club v. U.S. E.P.A.,* 995 F.2d 1478 (9th Cir. 1993). This Court has held previously that parties in the position of the livestock producers would be allowed to intervene for purposes of addressing remedy issues, but not for purposes of addressing liability issues. *See, e.g., IWF v. Tower*, Civil Case No. 04-372-E-BLW, Memorandum Decision (filed February 1, 2005).

In this lawsuit, Western Watersheds alleges that the Forest Service failed to follow its statutory duties. The Ninth Circuit has stated that intervenors in the position of the livestock producers "cannot claim any interest that relates to the

Memorandum Decision & Order -- page 2

Forest Service's liability under NEPA *and* NFMA." *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1499 n. 11(9th Cir. 1995)(emphasis added). This result followed from the fact – present in both *Forest Conservation* and this case – that the suit alleged that the Forest Service failed to meet its statutory duties, not that the proposed intervenors failed to meet their statutory duties. *Id*.

If proposed intervenors were allowed to address liability issues under these circumstances, an absurd result could follow. For example, if the Forest Service concedes inadequacies in its management of the Forest or in its preparation of an EIS/ROD, the intervenors could argue to the contrary. That would give intervenors a measure of control over the direction of litigation, which could translate down the line into a measure of control over Forest management because litigation often sets boundaries for management. Yet the Forest Service is the exclusive steward of the Forests. The steward must make the final call on whether to defend its own conduct, and, if so, how that defense will be made.

However, once the Forest Service has been found to have violated its statutory duties, the Court takes over to impose a remedy. And the Court needs to hear from the affected parties, including the livestock producers. This analysis illustrates the principled basis for differentiating between liability and remedies in allowing intervention in these types of cases.

Memorandum Decision & Order -- page 3

The main case cited by the livestock producers is *Sierra Club*. There, the Sierra Club sued the EPA claiming that the City of Phoenix was discharging pollutants into two rivers, and that the EPA had failed to list the City as a source of pollution and to formulate control measures. *Id*. at 1480.

*Sierra Club* noted the line of authority holding that for NEPA cases, the Government is the only proper defendant. It distinguished those cases, stating that "the case at bar is different because it is brought under the Clean Water Act" which "does not principally regulate the EPA," but instead "directly regulates [the City's] conduct." *Id*. at 1485. In allowing the City to intervene, *Sierra Club* stressed that a finding of a Clean Water Act violation "will require remedial conduct by the [City]." *Id*. While that explains why the City should be allowed to intervene to address remedies, it does not explain why the City should be allowed any say in determining whether the EPA violated the Clean Water Act.

It is difficult to reconcile *Sierra Club* with *Forest Conservation*. The Clean Water Act, NEPA, and NFMA, all place duties on federal agencies. The *Forest Conservation* line of cases would hold that for purposes of whether an agency satisfied its duties under NEPA and NFMA, the agency will be the only defendant. The rationale underlying that holding is that since the duty runs to the agency, the agency is granted the exclusive right to determine whether it will defend its

Memorandum Decision & Order -- page 4

conduct, and, if so, how it will defend itself. That rationale should apply across the board, so that if the EPA was exclusively responsible for certain Clean Water Act duties, the EPA should be the only defendant for purposes of determining its liability for performing those duties.

However, *Sierra Club* seems to hold otherwise by allowing the City to address not only the remedies, but also the very liability of the EPA under the Clean Water Act. While the Court has struggled with these cases, it ultimately finds *Sierra Club* inapplicable for two reasons. First, *Sierra Club* was decided two years before *Forest Conservation,* and thus cannot be deemed to question the result in *Forest Conservation.* Second, *Forest Conservation* dealt specifically with NEPA and NFMA, and therefore applies here, while *Sierra Club* dealt with the Clean Water Act, which is not part of this case.

For these reasons, the Court will allow the livestock producers to intervene for the purpose of addressing the proper remedy should the Forest Service be found liable, but not for the purpose of addressing the Forest Service's liability.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to intervene (docket no. 13) be GRANTED IN PART AND DENIED IN PART. It is

granted to the extent it seeks intervention limited solely to issues of remedy, and not for purposes of liability.  It is denied in all other respects.

DATED:  **November 3, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court