IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT and RANDALL HERMANN,<br><br>    Plaintiffs,<br>   v.<br><br>UNITED STATES FOREST SERVICE,<br><br>    Defendant,<br><br>LAVA LAKE LAND & LIVESTOCK, LLC; and FAULKNER LAND & LIVESTOCK, INC.; and IDAHO WOOL GROWERS ASSOCIATION; and IDAHO FARM BUREAU FEDERATION; and DENIS KOWITZ; and LAURIE KOWITZ,<br><br>    Defendant-Intervenors. | Case No. CV-05-189-E-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

Pending before the Court is Plaintiff Western Watersheds Project's Motion for Leave to Reopen Case and File Supplemental Complaint (Docket No. 85). The Court has reviewed the parties' pleadings in support of and opposition to the Motion. For the following reasons, the Court denies Plaintiff's Motion, but orders that any new action raising allegations set forth in the proposed Supplemental

**Memorandum Decision & Order -- page 1**

Complaint, if brought by Plaintiff, will be assigned to the undersigned judge for purposes of judicial economy.

## BACKGROUND

Plaintiff Western Watersheds Project (WWP) originally filed the above-captioned action in May 2005 against the Defendant United States Forest Service, alleging violations of NFMA, SNRA, and NEPA.  In February 2006, the Court issued a Memorandum Decision and Order (Docket No. 47) granting in part and denying in part, both Plaintiff's Motion and Defendant's Cross-Motion for Summary Judgment.  Following this ruling, the parties briefed the issue of appropriate remedies, and in June 2006, the Court issued an Order (Docket No. 74) requiring the Forest Service to conduct supplemental analyses, and enjoining grazing along Beaver and Frenchman Creeks in the Smiley Creek allotment for the year 2006.  In a clarifying Order (Docket No. 81), the Court adopted the parties' proposal to set March 2008 as the deadline for the supplemental analyses.

In February 2008, the parties filed a joint motion to dismiss the action (Docket No. 82), agreeing that the Court had ruled on all of WWP's claims, and the Forest Service was on track to issue the required supplemental analyses by their deadline.  The Court granted the Motion, dismissing the matter with prejudice, but retained jurisdiction over the terms of the Court's prior orders and the parties' Joint

**Memorandum Decision & Order -- page 2**

Motion to Dismiss.

The Forest Service issued the supplemental analyses in January and March 2008. On January 26, 2009, WWP filed its Motion to Reopen the Case and File a Supplemental Complaint, addressed herein.

## ANALYSIS

WWP argues that this matter should be reopened and restored to the active docket because the Court retained jurisdiction to address issues identified in WWP's proposed Supplemental Complaint. WWP relies on Federal Rule of Civil Procedure (FRCP) 15(d) and cites *Griffin v. County School Board of Prince Edward County*, 377 U.S. 218, 226-27 (1964), in which supplemental pleadings were allowed even after judgment was entered. WWP further contends that its supplemental complaint is warranted for judicial efficiency.

**A.    Claims In WWP's Proposed Supplemental Complaint Are Beyond The Scope For Which The Court Retained Jurisdiction**

The Court retained jurisdiction in this matter "to oversee compliance with the terms of [the] Joint Motion to Dismiss, as well as the terms of all its prior Orders in the above-captioned case, and to allow any party to enforce the terms of this Joint Motion or the Court's prior Orders in [the] matter." *Order Granting Joint Motion to Dismiss* (Docket No. 83.) In using this language, the Court intended to make finite the scope of issues over which it retained jurisdiction to

**Memorandum Decision & Order -- page 3**

enforce compliance.

WWP argues that the Forest Service has not fully complied with the Court's prior Orders in this case. *Plaintiff's Reply* (Docket No. 92) at 2. WWP concedes that the Forest Service completed the Supplemental Environmental Impact Statement (SEIS) and supplemental Forest Plan analysis – the two supplemental analyses which the Forest Service was directed to complete in the Court's June 2006 Order (Docket No. 74). However, WWP argues that the Forest Service's SEIS violates NEPA, NFMA, and the SNRA, and that these violations are contrary to the Court's February 2006 Order (Docket No. 47), in particular, language from pages 7-23 and 25-26.

The February 2006 Order (Docket No. 47) was the Court's ruling on the parties' Motions for Summary Judgment. The pages cited by WWP, in arguing that the Forest Service failed to comply with the Order, contain the findings and conclusions on which the Court based its decision regarding summary judgment. The findings and conclusions are the Court's analysis of the issues. They are not terms over which the Court retained jurisdiction to ensure the parties' compliance.

The Forest Service complied with the Court's Orders in this matter when it completed the supplemental analyses. It is clear that WWP takes issue with the supplemental analyses. But WWP's claims of statutory violations arising from the

**Memorandum Decision & Order -- page 4**

Forest Service's supplemental analyses are new claims appropriately raised in a new cause of action.

## B.     Cases In Which Leave To Supplement Was Allowed Under FRCP 15(d) Are Distinguishable

Under FRCP 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FRCP 15(d). The courts have generally granted motions to supplement under FRCP 15(d) where a matter is still pending, and final judgment has not yet been entered. *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113 (9th Cir. 1986); *San-Luis and Delta-Mendota Water Authority v. U.S. Dept. Of Interior*, 236 F.R.D. 491 (E.D. Cal. 2006); *Tucson Herpetological Soc. v. Kempthorne*, 2006 WL 2788643 (D. Ariz. 2006); *Center for Biological Diversity v. Kempthorne*, 2008 WL 2468454 (N.D. Cal. 2008). In the instant case, the matter was no longer pending, but was dismissed with prejudice pursuant to an agreed motion by the parties.

In one case cited by WWP, in which a motion to supplement was brought after resolution of the matter, the court "expressly reserved its jurisdiction over later developments" in the consent decree which resulted from the original proceedings; therefore, the motion to supplement under FRCP 15(d) was appropriately granted. *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988); *see also*

**Memorandum Decision & Order -- page 5**

*Natural Resources Defense Council v. Evans*, 2004 WL 2271595 (N.D. Cal. 2004). Here, the Court did not retain jurisdiction over later developments, such as those giving rise to the claims WWP now seeks to add to its original complaint.

In two other cases cited by WWP, the courts granted leave to supplement pleadings under FRCP 15(d) despite that final judgment had been entered. *Griffin v. Cy School Bd. Of Prince Edward Cy.*, 377 U.S. 218, 84 S.Ct. 1226 (1964)*; Raduga USA Corp. v. U.S. Dept. of State*, 440 F.Supp.2d 1140 (S.D. Cal. 2005). Those cases are also distinguishable from the instant case. In allowing Plaintiffs to file a supplemental complaint, the Supreme Court in *Griffin* cited Plaintiffs' allegation that "new transactions . . . occurred as a part of continued, persistent efforts to circumvent [the Court's prior] holding . . .." *Griffin*, 377 U.S. at 226. Similarly, and citing *Griffin*, the court in *Raduga* granted Plaintiff's motion to file a supplemental complaint, relying on allegations that the Defendants failed to comply in good faith with the court's previous order. *Raduga*, 440 F.Supp.2d at 1151. In contrast, WWP does not allege here that the Forest Service acted in bad faith or intentionally violated the Court's prior Order.

In two past cases, this Court has granted WWP's motions to reopen. In *WWP v Dyer*, 97-519-S-BLW, the Court reopened the case to resolve WWP's claim that the BLM failed to comply with the Court's order in that case. In *WWP v*

**Memorandum Decision & Order -- page 6**

*Bennett*, 04-181-S-BLW, the Court reopened the case to consider the effects of a catastrophic wildfire. Both cases are distinguishable. The *Dyer* case had merely been administratively closed, an internal designation that expressly provided that the case would become active again simply upon the request of any party. In addition, *Dyer* involved a claim that the agency failed to comply with the Court's order, a claim that does not exist here. The *Bennett* case involved an extraordinary change to the ecosystem that required reconsideration, a factor not present here. For these reasons, the Court finds *Dyer* and *Bennett* distinguishable.

## C.  Judicial Economy Can Be Achieved Without Disrupting The Finality Of The Court's Dismissal With Prejudice

Plaintiff agrees that finality of judgment is one factor for the Court to consider in determining whether to allow Plaintiff to supplement its complaint, but argues that the Court must also consider judicial economy. Indeed courts have highlighted judicial economy as a key basis for allowing supplementation of pleadings. *See Keith*, 858 F.2d at 473; *Raduga*, 440 F.Supp.2d at 1150-51; *San Luis & Delta-Mendota Water Authority*, 236 F.R.D. at 497-99; *Natural Resources Defense Council*, 2004 WL 2271595 at 5. However, judicial economy can be accomplished in this matter by ensuring that the undersigned judge presides over any future action brought by WWP concerning the issues raised in WWP's proposed Supplemental Complaint. This would allow for judicial efficiency with

**Memorandum Decision & Order -- page 7**

respect to the factual and legal background of the case, without disturbing the finality of the agreed dismissal which this Court entered with prejudice a year and a half ago.

In finding that permission to supplement a complaint was an abuse of discretion, the Ninth Circuit Court of Appeals noted in *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) that final judgment had been rendered and no appeal was taken, and that allowing plaintiffs to supplement their complaint did not serve to promote judicial efficiency. In addition, the court in that case held, "[t]he district court did not retain jurisdiction nor did it enter an order guiding the parties' future affirmative duties. Further, plaintiffs did not aver that the defendants were defying the court's [prior] decision . . .." *Id.* at 403.

Considerations before the Court in this case are similar to those in *Planned Parenthood*. Leave for WWP to supplement its complaint is not needed to serve judicial economy in this case. Also, this Court rendered final judgment and did not retain jurisdiction to guide or oversee the Forest Service's actions with which WWP now takes issue in its proposed supplemental complaint. Given the circumstances, WWP's new claims are more appropriately raised in a new cause of action. When such an action is brought, the Court will direct that it be assigned to

**Memorandum Decision & Order -- page 8**

the undersigned judge for purposes of judicial economy.  Accordingly, WWP's Motion for Leave to Reopen and Supplement Complaint is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Leave to Reopen Case and File Supplemental Complaint (Docket No. 85) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that if Plaintiff brings a new action raising allegations set forth in the proposed Supplemental Complaint, it shall be assigned to the undersigned judge for purposes of judicial economy.



DATED:  **September 26, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order -- page 9**